# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CRYSTAL L. HOLTZ,<br><br>                    Plaintiffs,<br><br>v.<br><br>JOSH KAUL, JACK RAKOWSKI, and UNEMPLOYMENT INSURANCE,<br><br>                    Defendants. | Case No. 19-CV-1646-JPS<br><br><br><br>**ORDER** |

        On November 8, 2019, the plaintiff, Crystal L. Holtz ("Holtz"), filed a *pro se* complaint and a petition to proceed *in forma pauperis*. (Docket #1 and #2). She subsequently filed an amended complaint. (Docket #4). The amended complaint supersedes the first complaint and is the governing pleading in this case. *See Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). In order to allow a plaintiff to proceed without prepaying the $400 filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B).

        On the question of indigence, although the plaintiff need not be totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Holtz's motion states that she is unemployed, unmarried, and has one

dependent child. (Docket #2 at 1). She receives $240 per month for child support. *Id*. She has not received a paycheck since early October when she was terminated from her employment. *Id.* at 2. She took about $2,500 out of her retirement fund to support herself, *id.*, and it appears this withdrawal emptied the account, *id* at 4. Her monthly expenses total $2,743. *Id.* at 2–3. Her assets include a car worth approximately $13,000 and a bank account holding $50. *Id.* at 3. In light of these representations, the Court finds that Holtz is indigent for purpose of prepaying the filing fee. She will be granted leave to proceed *in forma pauperis*.

However, notwithstanding the payment of any filing fee, the Court must dismiss a complaint or portion thereof if it has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and her statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570).

Holtz explains in her complaint that she recently applied for unemployment benefits in Wisconsin, and a hearing on her petition was held on or around November 6, 2019. (Docket #4 at 2-3). Defendant Jack

Rakowski ("Rakowski") was the administrative law judge presiding at the hearing. *Id.* She asked that she be supported by an "ADA Advocate" at the hearing, but the state did not provide one. *Id.* at 2. Holtz solicited her own volunteer ADA Advocate, but during the telephone hearing, Rakowski "disallowed" the volunteer advocate from participating. *Id.* at 3. Holtz believes this decision violated her rights under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"). *Id.* at 3. Specifically, Holtz cites to a regulation implementing Title II of the ADA, 28 C.F.R. § 35.160 *et seq.*, which requires public entities to communicate effectively with disabled people, such as those with vision or hearing disabilities. Holtz also complains that she was denied due process because she was not permitted to cross examine the witness who had made the "original complaint" against Holtz, accusing her of using alcohol. (Docket #4 at 4).[1] Holtz asks this Court to declare the ADA applicable to her proceeding and, as relief for both the ADA and due process violations, to order Rakowski to redo the hearing. *Id.* at 5.

Holtz's amended complaint implies two possible claims. First, it seems Holtz is attempting to allege a claim for ADA discrimination against the Wisconsin state agency responsible for adjudicating claims for unemployment benefits. To prove a *prima facie* case of discrimination under Title II the ADA, a plaintiff must show: (1) that she is a qualified individual with a disability; (2) that she was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such an entity; and (3) that the denial or discrimination

---

[1] Holtz also vaguely suggests that she did not receive copies of the evidence against her in advance of the hearing. If this is true, she can amend her complaint again to make that allegation more explicit.

was by reason of her disability. *Lacy v. Cook Cty.*, 897 F.3d 847, 853 (7th Cir. 2018). At the pleadings stage, a plaintiff must allege her "specific disability" because "the defendant in a disability discrimination suit does not have fair notice when the plaintiff fails to identify [her] disability." *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345–46 (7th Cir. 2015).

Holtz's ADA cannot proceed as currently pled. The most fundamental problem is that Holtz has not alleged what her disability is. This basic piece of information is a requirement of notice pleading. She also does not allege with sufficient detail how she was denied the benefit of the services of the public entity that administered the hearing. In other words, Holtz does not allege how Rakowski's decision to disallow the participation of Holtz's advocate caused Holtz to be "excluded from participation in a public entity's program because of [her] disability." *Glick v. Walker*, 272 F. App'x 514, 521 (7th Cir. 2008) (citing 42 U.S.C. § 12132). Holtz's ADA claim will be dismissed without prejudice.

In her second claim, Holtz alleges that her right to due process was violated because she was not permitted to cross-examine the person who made a complaint that, presumably, led to her termination. The Fourteenth Amendment guarantees that no state shall "deprive any person of life, liberty, or property without due process of law." In the Seventh Circuit, it is well-settled that claimants' receipt of unemployment insurance benefits is a property right, and therefore a state may not deny those benefits without notice and an opportunity for a fair hearing. *Cosby v. Ward*, 843 F.2d 967, 982 (7th Cir. 1988). The question presented by Holtz's amended complaint, then, is whether Holtz's inability to cross-examine witnesses could have rendered her hearing unfair. There is "no absolute right of confrontation in civil cases," but in "particular cases, live testimony and

cross-examination might be so important as to be required by due process[.]" *Van Harken v. City of Chi.*, 103 F.3d 1346, 1352 (7th Cir. 1997) (citing *Richardson v. Perales,* 402 U.S. 389, 402 (1971).

Holtz's due process claim will go forward, but not against the individually-named defendants, Josh Kaul ("Kaul") and Rakowski. Holtz makes no allegations about Kaul in her amended complaint; he appears only in the caption. She has therefore not alleged that he was personally involved in the constitutional violation. *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (individual liability under Section 1983 requires personal involvement in the alleged constitutional deprivation).

As to Rakowski, the administrative law judge, Section 1983 bars her claim against him individually. The statute provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Holtz is not entitled to injunctive relief against Rakowski because she does not allege that a declaratory decree was violated or that declaratory relief is unavailable.

Further, even if this Court were to assume that injunctive relief against Rakowski is not barred under Section 1983, Holtz's individual-capacity claim would still fail. The policies underlying judicial immunity suggest that immunity should be granted where, as here, a litigant seeks an injunction compelling a judge to alter his former decision. *See Davis v. Graves*, No. 16-CV-3233, 2016 WL 4493845, at *2 (C.D. Ill. Aug. 26, 2016) (citations omitted). This Court is not empowered to interfere with a state court proceeding in the way Holtz requests.

On the other hand, official-capacity suits against state officials that seek only prospective injunctive relief are permitted by Section 1983 and not forbidden by the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989); *Ex Parte Young,* 209 U.S. 123, (1908); *Power v. Summers,* 226 F.3d 815, 819 (7th Cir. 2000). Holtz is therefore not precluded from proceeding against Rakowski in his official capacity. However, because an official-capacity suit is deemed to be against the entity of which an officer is an agent, *Kroll v. Bd. of Trustees of Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991), and because the proper defendant in a claim for injunctive relief is the supervisory government official who would be responsible for ensuring injunctive relief is carried out, *Gonzalez v. Feinerman,* 663 F.3d 311, 315 (7th Cir. 2011), the more appropriate defendant in this case is Caleb Frostman ("Frostman"), the Secretary of the Wisconsin Department of Workforce Development ("WDWD"). For the sake of clarity, the Court will dismiss Rakowski and substitute Frostman as a defendant for purposes of the due process claim.[2]

In sum, the Court will dismiss the portion of Holtz's amended complaint relating to allegations under the ADA. This case will move forward only as to the due process claim alleged in Holtz's amended complaint. If she so desires, Holtz can file a motion for leave to file a second amended complaint that corrects the deficiencies the Court identified above with respect to her ADA claim. Holtz is warned that if she files a second

---

[2]It appears that Holtz attempted to also name the WDWD as a defendant; she sued "Unemployment Insurance," which the Court presumes is a reference to the Unemployment Insurance Division of the WDWD. The Court will dismiss "Unemployment Insurance" because its presence is redundant with the addition of Frostman. As explained above, a suit against Frostman in his official capacity is in fact a suit against his agency, the WDWD.

amended complaint, that pleading will supersede her amended complaint; it therefore must be complete in itself without reference to any earlier pleadings. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).

Holtz is instructed to serve her amended complaint on Defendant Frostman. She can do this in one of two ways. She may obtain service on her own accord, or she may ask the Court to order service by the U.S. Marshal. If Plaintiff wishes to effect service herself, she should file a request for the Clerk of the Court to issue a service packet to her. If she desires service by the U.S. Marshal, she must file a letter with this Court asking for an appropriate order. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Plaintiff shall either request a service packet from the Clerk of Court or an order for U.S. Marshal service within **fourteen (14) days** of the entry of this Order.

Finally, in light of this screening order, which narrows Holtz's claims and identifies a new defendant, the Court will strike the answer filed by Kaul and Rakowski. (Docket #8). Defendant Frostman shall answer the amended complaint after he is served.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's amended complaint (Docket #4) shall be her operative pleading in this action;

**IT IS FURTHER ORDERED** that the ADA claim in Plaintiff's amended complaint (Docket #4 at 2-3) be and the same is hereby **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that Defendants Josh Kaul, Jack Rakowski, and Unemployment Insurance be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that Caleb Frostman, the Secretary of the Wisconsin Department of Workforce Development, shall be substituted in as a Defendant, in his official capacity, with respect to Plaintiff's due process claim (Docket #4 at 4);

**IT IS FURTHER ORDERED** that the answer filed by Josh Kaul and Jack Rakowski (Docket #8) be and the same is hereby **STRICKEN**; and

**IT IS FURTHER ORDERED** that Plaintiff shall file, within fourteen days, a notice indicating which method of service she desires.

Dated at Milwaukee, Wisconsin, this 18th day of December, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge