# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CRYSTAL L. HOLTZ,

        Plaintiff,

v.

CALEB FROSTMAN,

        Defendant.

Case No. 19-CV-1646-JPS

**ORDER**

The plaintiff, Crystal L. Holtz ("Holtz"), proceeds in this litigation *pro se* and *in forma pauperis*. (Docket #1, #2, and #10). On December 18, 2019, the Court screened her amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which applies to actions filed by plaintiffs who proceed *in forma pauperis*. (Docket #10). The Court dismissed Holtz's claim under the Americans with Disabilities Act ("ADA") because Holtz did not allege what her disability is or how she was denied the services of a public entity. *Id.* at 4. However, the Court permitted Holtz's lawsuit to proceed on her due process claim, in which Holtz alleges that she was not allowed to cross-examine a key witness in her unemployment benefits hearing. *Id.* at 4–6. As to that claim, the Court substituted into the case a more appropriate defendant, Caleb Frostman ("Frostman"), the Secretary of the Wisconsin Department of Workforce Development ("WDWD"). *Id.* at 6. The Court then instructed Holtz to notify the Court whether she would serve Frostman herself or, alternatively, whether she wanted the Court to order the U.S. Marshal to serve Frostman on Holtz's behalf. *Id.* at 7.

On January 6, 2020, instead of notifying the Court of her service choice, Holtz filed a notice of appeal. (Docket #11). It appears from her notice that Holtz disagrees with the Court's dismissal of her ADA claim. *Id.* But the Court's screening order is not appealable, because an order that dismisses fewer than all claims in a lawsuit is not a final order. An attempted appeal of such an order is procedurally improper and thus fails to divest the Court of jurisdiction and authority to continue with the case. *See JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co., Ltd.*, 707 F.3d 853, 860 n.7 (7th Cir. 2013); *Wis. Mut. Ins. Co. v. United States*, 441 F.3d 502, 504–05 (7th Cir. 2006); *Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558–59 (7th Cir. 1986).

Further, the Court in its December 18 screening order invited Holtz to file a second amended complaint correcting the deficiencies in her ADA claim if she so chose. (Docket #10 at 4, 6–7). Specifically, Holtz can file a second amended complaint that includes an ADA claim if she can allege what her disability is and how she was denied the benefit or the services a public entity because of her disability. *Id.* at 4. If she cannot, or does not wish to, file a second amended complaint that includes those allegations, the case will move forward with her due process claim only.

With this confusion now cleared, the Court will again instruct Holtz to serve her amended complaint on Defendant Frostman. She can do this in one of two ways. She may obtain service on her own accord, or she may ask the Court to order service by the U.S. Marshal. If Plaintiff wishes to effect service herself, she should file a request for the Clerk of the Court to issue a service packet to her. If she desires service by the U.S. Marshal, she must file a letter with this Court asking for an appropriate order. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee

schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Plaintiff shall either request a service packet from the Clerk of Court or an order for U.S. Marshal service within **ten (10) days** of the entry of this Order.

Accordingly,

**IT IS ORDERED** that Plaintiff shall file, within ten days, a notice indicating which method of service she desires.

Dated at Milwaukee, Wisconsin, this 8th day of January, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge